859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony MCDONALD, Defendant-Appellant.
 No. 88-5525.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1988.
Decided Sept. 15, 1988.
 
 Charles W. Kramer, for appellant.
 Henry E. Hudson, Leslie A. Hulse, Office of United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony McDonald challenges the denial of his motion to suppress cocaine found on his person in the course of a search at National Airport in Arlington, Virginia. McDonald claims that he was illegally seized and that the cocaine should be suppressed as an illegal fruit of the search. See Wong Sun v. United States, 371 U.S. 471 (1963). We reject McDonald's claims and affirm.
 
 
 2
 * Anthony McDonald arrived at the airport on a plane from LaGuardia Airport in New York City. There were approximately 200 passengers on this flight. McDonald's casual attire was in contrast to the other passengers, who were dressed in business suits. McDonald went to the baggage claim area, did not pick up any baggage, and then headed for the exit of the terminal.
 
 
 3
 Officers Johnston and Alvarez observed McDonald and decided to talk to him. They approached McDonald in the public corridor in the main concourse. The officers conceded that they had no information leading them to believe that McDonald or anyone on the plane was in possession of illegal drugs. The officers identified themselves[1] and asked McDonald if they could see his ticket. McDonald said he apparently left his ticket on the plane. Further questions revealed that McDonald was in the area to visit a friend and that the only family he had in this country was his mother, who lived in New York.[2] Alvarez then identified their purpose--to monitor arrivals of flights from source cities for illegal narcotics--and asked McDonald if he had any drugs on his person. McDonald stated that he was not carrying any drugs. Alvarez then asked McDonald for permission to examine a "small plastic shopping bag with a draw string" and McDonald consented and handed the bag to Alvarez. Up to this point, McDonald felt he was free to leave if he wanted. Inside the bag were approximately 600 small zip-lock plastic bags measuring one inch by one inch. Contrary to his earlier assertion, see n. 2, McDonald told Alvarez he was bringing the bags to his sister, a jeweler in Maryland. At that point, Alvarez asked if the officers could do a search of his body and McDonald assented.[3] While patting down McDonald, Johnston felt a "relatively large hard object" in McDonald's pubic area. Johnston removed a ball of duct tape wrapped around a substance which later tested positive for cocaine.
 
 
 4
 McDonald filed a motion to suppress the cocaine and the district court denied the motion. McDonald then entered into a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.
 
 II
 
 5
 McDonald focuses his attack on the district court's finding that he was not detained. These claims, in an airport context, are not infrequent and raise familiar issues and controlling principles concerning seizures. Initially, it is clear that police officers may approach citizens, ask questions and identify themselves without implicating the Fourth Amendment. Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality). This is nothing more than the first of three tiers of police-citizen interaction, and is aptly called a voluntary citizen/police encounter. United States v. Waksal, 709 F.2d 653, 657 (11th Cir.1983). However, there can be no detention of the citizen "even momentarily" without "reasonable, objective grounds for doing so." Florida v. Royer, 460 U.S. at 498. A detention sufficient to trigger the protections of the Fourth Amendment occurs if a reasonable person would have believed that he was not free to leave. I.N.S. v. Delgado, 466 U.S. 210, 215 (1984). In evaluating whether there was a detention, or seizure, on appeal, we examine the evidence in a light most favorable to the government, Glasser v. United States, 315 U.S. 60 (1942), and review only if the district court's determination was "clearly erroneous." United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982).
 
 
 6
 With these principles in mind, we readily conclude that McDonald was not seized. Our opinion is supported by the defendant's admission that he felt free to leave, even after he handed the plastic bag to Alvarez. This subjective feeling does not satisfy the objective test of Delgado, but is persuasive and consistent with the objective facts. Here, McDonald was questioned in a public area in a non-threatening manner by plain-clothes officers. Under these facts, the district court's determination that there was no seizure is not clearly erroneous.
 
 III
 
 7
 A common concomitant issue in these airport cases is the validity of a purported consent. Certain principles in this context are worth repeating. The burden is on the government to establish the voluntariness of the consent, Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968); Schneckloth v. Bustamonte, 412 U.S. 218, 233-34 (1973), and is not satisfied by a showing of mere submission to authority. Schneckloth v. Bustamonte, 412 U.S. at 233-34. Voluntariness is established by examination of the totality of the circumstances. Id. Moreover, where there is a prior illegal detention, the burden on the government is heavier. United States v. Recalde, 761 F.2d 1448, 1457 (10th Cir.1985). On appeal, the district court's factual determination of voluntariness is evaluated against the "clearly erroneous" standard. United States v. Mendenhall, 446 U.S. 544, 557 (1980); Jackson v. United States, 122 U.S.App.D.C. 324, 353 F.2d 862 (1965).
 
 
 8
 Guided by these principles, we have no problem concluding that McDonald's consent was freely given. We find support for this conclusion in the consensual tenor of encounter, the district court's credibility determination, and the fact that there was no prior illegal detention. Thus, the district court's finding of valid consent is not clearly erroneous.
 
 
 9
 Finding the facts and legal arguments are adequately presented in the briefs and the record, that the decisional process would not be aided significantly by oral argument, and that McDonald's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a) and affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Johnston and Alvarez were dressed in plain clothes and their weapons were concealed
 
 
 [2]
 The rest of McDonald's family lived in Jamaica
 
 
 [3]
 At the motion to suppress hearing, McDonald contended that he did not consent to the body search, but the district court did not credit this testimony